**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HEATHER LINSEMAN,
an individual,

        Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,
a foreign corporation,

        Defendants.
_____ /

Case Number: 05-71022

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

**OPINION AND ORDER GRANTING DEFENDANT FEDERAL EXPRESS
CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendant Federal Express Corporation's ("Defendant" or "FedEx") Motion for Summary Judgment. The Court held a motion hearing on March 1, 2006. Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendant's Motion for Summary Judgment.

**I.    FACTS**

In the instant action, Plaintiff Heather Linseman ("Plaintiff") brought suit on March 16, 2005, alleging a single claim of retaliation under Mich. Comp. Law section 37.1101 et seq. Plaintiff is an individual and a resident of Michigan. (Compl. ¶ 1). Defendant is both incorporated and has its principal place of business outside of Michigan. (Compl. ¶ 2).

1

Plaintiff completed an application for employment with Defendant on February 10, 1999. The employment application included an "Employment Agreement" which stated:

> This Agreement constitutes the entire and final agreement between the parties and all other prior agreement, arrangements or understands, oral or written are merged into and superceded by the terms of this agreement. I understand that should any part of this agreement be held unenforceable, the enforceability of the remaining provisions shall not be impaired. *To the extent the law allows an employee to bring legal action against Federal Express Corporation, I agree to bring that complaint within a time prescribed by law or 6 months from the date that event forming the basis of my lawsuit, whichever expires first.*

(Def.'s Br. Ex. A, Employment Agreement ¶ 15) (emphasis added).

Plaintiff began working for Defendant on March 19, 1999 and held the position of Operations Agent in FedEx's Genesee County facility. (Pl.'s Dep. 5: 10-12; Compl. ¶ 10). On December 3, 2003, Plaintiff filed a disability discrimination charge with the Michigan Department of Civil Rights ("MDCR") for failure to accommodate her pregnancy. (Pl.'s Dep. 53:24-54:16). The specifics of the alleged complaint, filed with the MDCR, are not at issue in this case, as Plaintiff withdrew her charge of discrimination. (Pl.'s Dep. 57: 1-10).

Plaintiff was discharged on August 17, 2004. (Compl. ¶ 2). Defendant cited Plaintiff's falsification of a timecard as the reason for her dismissal. (Pl.'s Dep. 42: 7-10).

Plaintiff alleges that she always performed her duties and responsibilities in a satisfactory manner and that the withdrawn MDCR complaint was a motivating factor in Defendant's decision to discharge her. (Compl. ¶¶ 12, 13). Plaintiff challenged her termination through Defendant's Guaranteed Fair Treatment Procedure ("GFTP").[1]  (Pl.'s Dep. 44:2-17). On

---

[1] The GFTP is a three step process where employees can have employment decisions reviewed. The GFTP "requires specific individuals to perform specific actions within a designated time frame. The steps of the GFTP process for non-discrimination issues are: Management Review, Officer Review, Appeals Board." (Gempler Decl. ¶ 9). The Appeals

October 27, 2004, Plaintiff's final step in the GFTP process was denied. (Def's Br. Ex. B.2, Notification of Appeals Board Decision).

Defendant filed the instant Motion for Summary Judgment on January 16, 2006. On February 2, 2006, Plaintiff filed her response, and Defendant filed its reply a week later.

Defendant argues that: (1) Plaintiff's claim is barred by the contractual provision in Plaintiff's employment application which only allows a lawsuit to be brought against Defendant within six months of the event forming the basis for the suit; (2) more than six months elapsed between Plaintiffs termination in August 2004 and the initiation of this action in March 2005; (3) the provision in the employment application is unambiguous and does not violate law or public policy; and (4) Plaintiff can not establish a traditional contract defense to avoid dismissal.

Plaintiff responds that a party must knowingly and voluntarily enter into an agreement with another party. Plaintiff argues that the employment agreement does not contain any waiver language and thus Plaintiff could not knowingly and voluntarily waive the longer statute of limitations for the shortened period.

## III. ANALYSIS

### A. Standard

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R.

---

Board consists of FedEx's Chief Executive Officer, Executive Vice President and Chief Operating Officer, and the Chief Human Resources Officer. (Def's Br. Ex. B.1, GFTP Process). The Appeals Board also includes rotating members of one senior vice president and one vice president. (*Id.*).

3

CIV. P. 56(b).  Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted).  A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial.  *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).  In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party.  *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary

judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

**B.     Discussion**

Prior to the Michigan Supreme Court's 2005 decision in *Rory v. Continental Ins. Co.*, 473 Mich. 457 (2005), contract terms which limited the time to bring a suit were upheld only if found to be reasonable. *Herweyer v. Clark Hwy. Services, Inc*., 455 Mich. 14, 20 (1997). However, in *Rory*, the court abandoned the "reasonableness test." The *Rory* court held that "[w]hen a court abrogates unambiguous contractual provisions based on its own independent assessment of 'reasonableness,' [it] undermines the parties' freedom to contract." 473 Mich. at 468-69. "[F]undamental principles of contract law preclude [] subjective post hoc judicial determinations of 'reasonableness' as a basis upon which courts may refuse to enforce unambiguous contractual provision." *Id.* at 461. Thus, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id*.

Defendant argues that following *Rory*, the contract provision at issue should be upheld. To support its argument, Defendant cites *Clark v. DaimlerChrysler Corp*., 268 Mich. App. 138 (2005), and *Mayes v. Daimler Chrysler*, 2005 WL 2562780 (E.D. Mich. Oct. 12, 2005)

(unpublished), an opinion rendered by this Court.

The *Clark* court was asked to decide whether an employee's contract provision, which barred employee lawsuits filed more than six months after the date of the challenged employment action, was enforceable. The provision in *Clark* stated:

> I agree that any claim or lawsuit relating to my service with [the defendant] or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary.

268 Mich. App. at 141. The court found that the provision did not violate public policy and was not unconscionable. *Id.* at 142, 144. In holding that the provision was enforceable, the court ruled that the plaintiff knowingly waived the statute of limitations period because "[t]he law is clear that one who signs an agreement, in the absence of coercion, mistake, or fraud, is presumed to know the nature of the document and to understand its contents, even if he or she has not read the agreement." *Id.* at 144-45.

Similarly, in *Mayes*, this Court was asked whether the following employment agreement provision was enforceable:

> In consideration of Chrysler's review of my application, I agree that any claim or lawsuit arising out of my employment with or my application for employment with, Chrysler corporation, or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.

2005 WL 2562780 at *2 (emphasis in original). In holding that the provision was enforceable, this Court found the six-month limitation provision unambiguous, and noted that the plaintiff "alleged none of the usual contract defenses to support why the six-month limitation as applied

6

to her should be deemed unreasonable." *Id*. at *22.

Courts have found similar provisions to be enforceable under the "reasonableness test." In *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259 (6th Cir. 1988), the court analyzed the enforceability of a limitations provision under Michigan law.  The provision stated:

> You agree . . . not to commence any action or suit relation to your employment . . . more than six months after the date of termination of such employment, and to waive any statute of limitations to the contrary.

*Id*. at 260.  In finding that the provision was enforceable, the Sixth Circuit held that the waiver was knowing and voluntary.  *Id* at 262.  The court found that the language of the contract was clear, and that if the plaintiff felt that the provision was unreasonable, he could have opted not to sign the agreement.  *Id*.  The court also held that there was nothing inherently unreasonable about a limitations period of six months.  *Id*.

In *Timko v. Oakwood Custom Coating, Inc*., 244 Mich. App. 234 (2001), the court was asked whether a provision limiting claims brought under state or federal civil rights statutes was reasonable and enforceable.  The provision read, in relevant part:

> I agree that any action or suit against the firm arising out of my employment or termination of employment, including, but not limited to, claims arising under State or Federal civil rights statues, must be brought within 180 days of the event giving rise to the claims or be forever barred.  I waive any limitation periods to the contrary.

*Id*. at 237.  The court found that the 180 day limitation was not inherently unreasonable and affirmed the circuit court's ruling that the limitation provision was enforceable.  *Id*. at 245.  In so holding, the court quoted Judge Newblatt in *Perez v. Western-Southern Life Ins Co*., Case No. 86-40394, 1987 WL 16355 (E.D. Mich. Jan. 23, 1987) (unpublished), who stated that there was "nothing in . . . the Elliot Larsen Act . . . which prohibits a shorter reasonable period agreed upon

by the parties nor which evinces any state public policy to the contrary." *Id*. at 242.

Plaintiff responds that a traditional defense to the enforceability of a contract applies - the lack of a knowing and voluntary waiver. A "[w]aiver of a statutory period of limitations for a civil rights claim is subject to heightened judicial scrutiny that asks if the waiver was knowing, intelligent, and voluntary." *Hicks v. EPI Printers, Inc*., 267 Mich. App. 79, 91 (2005) (citing *Bobo v. Thorn Apple Valley, Inc*., 459 Mich. 892 (1998)); see also *Myers*, 849 F.2d at 261-62. A waiver "must be clear and unmistakable." *Wright v. Universal Maritime Srv. Corp*., 525 U.S. 70, 80 (1998). "A valid waiver requires an intentional relinquishment of a known right." *Elgammal v. Macomb County Intermediate Sch. Dist. Bd. of Educ.*, 83 Mich. App. 444, 451 (1978) (citing *Book Furniture Co. v. Chance*, 352 Mich. 521, 526 (1958)).

Plaintiff argues that *Timko* and its progeny show that an agreement to shorten the statute of limitations must include language that: (1) the employee is waiving his right to the longer statute of limitations, (2) the employee understands that there is a longer statue of limitations, and (3) the employee waives this right.

Plaintiff contends that the absence of this waiver language in Defendant's limitation provision is fatal to Defendant's argument. Plaintiff cites *Krusinski v. DaimlerChrysler*, Case No. 239873, 2004 WL 315171 (Mich. App. Feb 19, 2004) (unpublished) and *Underwood v. Daimler Chrysler*, Case No. 240208, 2002 WL 31953849 (Mich. App. Dec. 13, 2002) (unpublished), to support her position. In *Krusinski* and *Underwood*, the courts looked at the reasonableness of identical limitation provision. That provisions stated, in pertinent part:

> While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.

*Underwood*, 2002 WL 31953849 at *2; *Krusinski*, 2004 WL 315171 at *1. In both cases, the courts followed *Timko*, *supra*, which found that a limitation period is reasonable if: "(1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained." *Underwood*, 2002 WL 31953849 at *2 (citing *Timko*, 244 Mich. App. at 242-44); *see also Krusinski*, 2004 WL 315171 at *1. The *Krusinski* and *Underwood* courts found the limitation to be reasonable.[2]

      Contrary to Plaintiff's argument, the Court finds that limitation provisions do not need the express language that is stated in *Krusinski* and *Underwood*. The *Clark* court enforced a limitation provision in which the only reference to any statute of limitations period was "I waive any statute of limitations to the contrary." In the instant case, the provision states that the employee agrees to bring their complaint "within a time prescribed by law *or* 6 months from the date of the event forming the basis of my lawsuit, whichever expires first." Both the *Clark* and FedEx's provisions put employees on notice that there might be a longer provision prescribed by law, and both inform the employees that the shorter one will apply.

      Plaintiff does not argue that she was forced to sign the agreement - in fact, she had the option of not signing the agreement, if she so desired. Plaintiff simply argues that the provision implies, rather than expressly states, the "waiver" of a longer statute of limitations, and consequently, Plaintiff did not know that she was waiving her right to a longer statute of

---

[2] Plaintiff also cites *Fagin v. Detroit Regional Chamber of Commerce*, Case No. 234631, 2003 WL 245845 (Mich. App. Feb. 4, 2003) (unpublished), which involved a provision that limited the plaintiff from filing suits related to his employment more than a year after his termination. The *Fagin* court used the three prong analysis from *Timko* to find that the limitation period was reasonable.

9

limitations time period.

While it is true that the contract's provision does not specifically state that the employee waives the statute of limitations, the contractual language in the provision is clear.  Nonetheless, the provision conveys to the employee that she is waiving any statute of limitations period provided by law that is longer than six months.  The wording of the provision is unmistakable, unambiguous, and there is no other construction of the provision which makes sense other than that the employee waived the longer limitations period.  As a result of the unmistakable language in the provision, Plaintiff's contract defense does not support that the provision at issue is unreasonable.  Further, Plaintiff signed the agreement in the absence of coercion, mistake, or fraud and is presumed to know the nature of the documents and understand its contents.  Therefore, the Court finds that Plaintiff knowingly and voluntarily waived her right to a longer statute of limitations period.

Viewing the provision in a light most favorable to Plaintiff, there is no genuine issue of material fact as to whether Plaintiff voluntarily and knowingly waived her statute of limitations period under the Elliot-Larsen Civil Rights Act.  The provision Plaintiff agreed to stated a six month period for bringing suit, Plaintiff brought her complaint outside of six months, therefore she waived the longer period and her complaint is time barred.  Accordingly, the Court grants Defendant's Motion for Summary Judgment.

**IV.     CONCLUSION**

For the reasons stated, the Court GRANTS Defendant's Motion for Summary Judgment.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 20, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 20, 2006.

s/Jonie Parker
Case Manager